## UNITED STATES v. F. B. VANDEGRIFT & CO.

(Circuit Court, S. D. New York.   November 28, 1908.)

No. 5,268.

CUSTOMS DUTIES (§ 81*)—RELIQUIDATION—STATUTE OF LIMITATIONS.

Act March 3, 1875, c. 136, § 1, 18 Stat. 469 (U. S. Comp. St. 1901, p. 1986), providing that said act should not "prevent the correction of errors in liquidation * * * discovered within one year from the date of payment," did not repeal or modify Act June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986), which prescribed finality for the "settlement of duties * * * after the expiration of one year from the time of entry"; and a reliquidation made more than a year after entry is void, though within a year after the payment of duty.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 81.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,737 (T. D. 28,848), sustained the protest of F. B. Vandegrift & Co. against the assessment of duty by the collector of customs at the port of New York.   The opinion filed by the Board of General Appraisers reads as follows:

HAY, General Appraiser,   In this case the collector reliquidated the entry more than a year after the filing of the first entry paper, but within a year after the payment of duty.   The collector cites as his warrant of law for this action the proviso of Act March 3, 1875, c. 136, § 1, 18 Stat. 469 (U. S. Comp. St. 1901, p. 1986), entitled "An act restricting the refunding of customs duties and prescribing certain regulations of the Treasury Department."   This proviso reads as follows:   "Provided also, that this act shall not affect the refund of excess of deposits based on estimated duties nor prevent the correction of errors in liquidation, whether for or against the government, arising solely upon errors of fact discovered within one year from the date of payment and, when in favor of the government, brought to the notice of the collector within ten days from the date of discovery."   Unless in this statute there is to be found authority for the collector's action, he is limited in the reliquidation of an entry by Act June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986), entitled "An act to amend the customs revenue laws and to repeal moieties."   This section reads as follows:   "That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been delivered to the owner, importer, agent, or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties."

In Cassel's Case, G. A. 5,962 (T. D. 26,147), we held that the word "entry," as used in section 21, meant the complete transaction by which the merchandise was brought into the body of the merchandise of this country, and that the statute of limitations created by that section began to run when the exact

amount of duties was ascertained and paid. In reaching that conclusion we were guided by the familiar rule of construction that a statute should be given that meaning which will allow full scope and effect to its provisions, rather than that which narrows and restricts them. We pointed out in that opinion that it had been settled by a long line of decisions that the word "entry," as used in the statutes, had two different meanings, the one being the first paper filed and the other the completed transaction of entering merchandise; that to give the word the first of these meanings would be under some circumstances to destroy rather than to limit the collector's right to reliquidate an entry; that under some circumstances the exact duties could not be ascertained within a year from the time of the filing of the first paper, and the period wherein the liquidation could take place might therefore have expired before the mistake or condition which would call for reliquidation could have been discovered; that, therefore, the only way to give to this statute such construction as would allow a year under all circumstances wherein an entry might be reliquidated was to treat the word "entry" in section 21 of the act of 1874 as meaning the completed transaction. This case was reversed by the United States Circuit Court in Cassel v. U. S. (C. C.) 146 Fed. 146, T. D. 27,116, which was acquiesced in by the government.

The act of March 3, 1875, from which the proviso relied upon by the collector is quoted above, is one dealing with the refunding to importers of duties erroneously collected. The affirmative provisions of this statute were repealed by implication by the customs administrative act of 1890. It is not, however, necessary for us to decide whether the customs administrative act also repealed the proviso above quoted, with which there is nothing in the act in conflict; for in the view we take this proviso is not such affirmative legislation as gives to the collector any new grant of power, nor can it be said in any way to repeal, abridge, modify, or limit section 21 of the act of 1874. It is nothing more than a saving clause, saving and excepting from the operation of the act of which it is a part certain things therein mentioned which might otherwise be included in the operation of that law. It is, however, legislative recognition of the collector's right under existing law to correct by reliquidation an erroneous liquidation within one year from the date of payment of duty, being therefore in effect legislative construction or interpretation of section 21 of the act of 1874, similar to that given it by this board in Cassel's Case, supra.

With this view of the effect of the proviso of section 1 of the act of 1875, the collector is limited in the reliquidation of an entry to the time prescribed by section 21 of the act of 1874, which under the decision of the court in Cassel v. U. S., supra, is one year from the filing of the first paper in the entry of the merchandise. This year having expired, the time wherein the entry could have been reliquidated had passed prior to the date of the reliquidation of the entry in question, and the collector's action was void, being without authority of law.

The protest is sustained, and the collector directed to reliquidate the entry accordingly.

J. Osgood Nichols, Asst. U. S. Atty.
Walden & Webster (Henry J. Webster, of counsel), for importers.

MARTIN, District Judge. Decision of the Board of General Appraisers affirmed, upon the opinion of the board.